IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff/Respondent,<br><br>v.<br><br>GREGORY WIMSATT,<br>    Defendant/Petitioner. | Criminal Action No.<br><br>8:10-cr-00171-RWT-4<br><br>RWT 12 CV 1042 |

MEMORANDUM IN SUPPORT OF
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255

COMES NOW, Gregory Wimsatt, Petitioner, pro se, and respectfully files this Memorandum in Support of his Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. In so doing, he attributes ineffective assistance to his retained counsel in the failure to inform this Honorable Court at sentencing that he qualified for a two-level reduction of his calculated offense level under U.S.S.G. § 2D1.1(b)(11) whereas he meets the criteria set forth under § 5C1.2(a).

I.   STATEMENT OF THE CASE

On June 6, 2011 a Superseding Information was filed in the above styled criminal action, charging Gregory Wimsatt with conspiracy to distribute in excess of 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a) and 846. (R.136)

Because an earlier Indictment had been filed, naming Mr. Wimsatt in three of the four counts, Attorney Richard A. Finci had been retained for the defense. (R.76)

Also on June 21, 2011 Mr. Wimsatt appeared with retained counsel before the Honorable Judge Roger W. Titus and entered a plea of guilty to Count 1 of the Superseding Information pursuant to a written plea agreement with the Government. (R.143) As part of the written agreement, Mr. Wimsatt agreed to waive the filing of a formal indictment (R.149) and the Government agreed to dismiss the original indictment. (R.191 at 1)

On October 28, 2011 Mr. Wimsatt appeared before the Honorable Judge Roger W. Titus for Sentencing. (R.190) Therein, a term of 42 months incarceration was imposed to be followed by 3 years of supervised release. (R.191)

No appeal was taken from the conviction nor the sentence.

II. STATEMENT OF THE FACTS

On September 03, 2010 Gregory Wimsatt appeared before the Honorable Magistrate Judge William Connelly for arraignment on the charges of conspiracy to possess and distribute more than 100 kilograms of marijuana (count 1), and possession of marijuana with intent to distribute (counts 2 & 4). (R.68)

Andrew R. Szekely was appointed to represent the defendant at arraignment. (R.76)

Attorney Richard A. Finci was retained to represent the defense on September 21, 2010. (R.76)

On February 22, 2011, Attorney Finci submitted a request with this Court for a pre-plea criminal history report in anticipation of plea agreement negotiations. (Ex.1) The reqeust was granted by the Honorable Judge Roger W. Titus on the same day. (Ex.2)

Despite the provision of Mr. Wimsatt's criminal history by the United States Probation Office, the matter of his actual criminal history score remained a point of contention between the parties throughout the ensuing negotiations.

On May 1, 2011, Gregory Wimsatt agreed to meet with the prosecution to debrief and discuss his role in the charged offense. Prior to the meeting, he arranged to meet with defense counsel to discuss the forthcoming meeting. (Ex.3)

On May 3, 2011, Assistant United States Attorney Stacy Belf agreed to meet with Mr. Wimsatt and outlined terms and condictions that were set for the proffer meeting. (Ex.4) Said terms were consistent with provisions in the United States Sentencing Guidelines for defendants seeking to qualify for a sentence reduction under 18 U.S.C. § 3553(f). Compare, Ex. 4 to U.S.S.G. § 5C1.2, App. n.7.

A proposed plea agreement was sent to defense counsel on May 10, 2011. (Ex.5)

Paragraph 6 of the Proposed Agreement contained an advisement that the Government would oppose an adjustment for acceptance of responsibility if Mr. Wimsatt failed to admit to every item in the factual stipulation, denied his involvement in the offense, gave conflicting statements about his involvement in the offense, was untruthful with the Court of the Government, attempted to obstruct justice, engaged in any further criminal activity, or attempted to withdraw his plea of guilty.

The Government did not oppose a three-level reduction for

acceptance of responsibility at sentencing.

Paragraph 7 of the Proposed Agreement contained an acknowledgment that no agreement existed regarding the defendant's criminal history and that the ultimate criminal history calculation determination could have an impact on the final offense level.

Attorney made a notation next to paragraph 7 that this had the potential to affect Mr. Wimsatt's safety valve eligibility.

The Plea Agreement ultimately signed by all parties remained unchanged in the areas referenced above. (R.150)

Following the entry of Mr. Wimsatt's plea of guilty, Attorney Finci filed a Sentencing Memorandum on the insant matter. Therein, defense counsel discussed the court's sentencing considerations under 18 U.S.S.G. § 3553(a), but was silent on any possible application of the safety valve.

Sentencing was held before the Honorable Judge Titus on October 28, 2011. (R.191) At sentencing, the Court agreed with defense counsel's position regarding Mr. Wimsatt's criminal history and set his Criminal History Level at a Category I.

Although the Court's decision had a possible impact on the defendant's total offense level under §§ 5C1.2 and 2D1.1, counsel

made no mention of the safety valve application. As a result, Mr. Wimsatt's total offense level was set at 21. With a criminal history category established at a level I, sentence was imposed near the top of the advisory range to a term of 42 months incarceration.

III. JURISDICTION

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 2255 which allows a prisoner/defendant to petition the original sentencing court to vacate, set aside, or correct a sentence or conviction that was imposed in violation of the Constitution or laws of the United States.

In the instant matter, the Petitioner attributes ineffective assistance to counsel during his representation at sentencing in violation of the Sixth Amendment of the United States Constitution.

The Petitioner submits that the instant action has been filed in a timely fashion pursuant to § 2255(f)(1) which allows a petition to be filed within one year of the date on which the judgment of conviction becomes final. The Court's judgment in the above styled criminal action became final when the

deadline for filing a Notice of Appeal expired on November 7, 2011.

With regards to the technical requirements under the Federal Rules of Criminal and Civil Procedure, the Petitioner is acting pro se in this instance and is therefore held to less stringent standards than those expected of a licensed attorney. See, Haines v. Kerner, 404 U.S. 519, 520 (1971). The instant action is deemed filed on the day it is placed in the hands of prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 275 (1988).

(The remainder of this page intentionally left blank)

IV. GROUNDS FOR RELIEF: INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence. United States Constitution, Sixth Amendment

In the decision that set the benchmark for issues relating to the effective assistance of counsel, the Supreme Court noted, "The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the ample opportunity to meet the case of the prosecution to which they are entitled." Strickland v. Washington, 466 U.S. 668, 685 (1984) (internal citation and quotation marks omitted). "The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results." Id. For that reason, the Supreme Court has recognized that "the right to counsel is the right to the effective assistance of counsel. Id. at 686.

The Fourth Circuit has long held that "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed. United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996) (collecting cases).

As with claims regarding other phases of the proceedings, "to prove that ineffective assistance of counsel violates the Sixth Amendment, a petitioner must satisfy a two-pronged test." Id. A petitioner must show that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different.'" Bell v. Evatt, 72 F.3d 421, 427 (4th Cir. 1995)(citing Strickland, 466 U.S. at 694).

The record in the case at bar indicates that counsel was aware early on that, if Mr. Wimsatt's criminal history resulted in a level I, he would qualify for a sentence reduction under the Safety Valve, U.S.S.G. §§ 2D1.1 and 5C1.2. With this in mind, counsel petitioned this Court for an early determination of his client's criminal history.

Also with the potential for a two-level reduction pursuant to the Safety Valve, counsel advised his client to meet with the District Attorney and investigating agents for a debriefing session where he discussed his participation in the charged offense.

When a plea agreement was negotiated between the parties, after the debriefing session had taken place, the Government included an advisement that they would object to a reduction to the total offense level if Mr. Wimsatt gave untruthful or conflicting statements regarding his role in the offense, or if he refused to accept responsibility for his actions.

The plea agreement further acknowledged that there was no agreement between the parties regarding the applicable criminal history calculation and acknowledged that the total offense level could be effected by the final determination by the Court.

In his sentencing Memorandum, however, counsel focused solely on the factors listed for the Court's consideration under 18 U.S.C. § 3553(a). Although the Probation Office agreed with the defense by this point and recommended a finding that Mr. Wimsatt's criminal history should be set at a Level I, this position was opposed by the Government and no mention of a possible Safety Valve reduction was placed in the Sentencing Memorandum.

At sentencing, both parties argued their position regarding Mr. Wimsatt's criminal history score. The Court resolved the matter in favor of the defense and established the criminal history at level I.

Once this factor was resolved, however, and despite the fact that Mr. Wimsatt met all other criteria for a reduction in his sentence pursuant to the Safety Valve, counsel did not raise the issue before the Court.

Accordingly, Mr. Wimsatt's total offense level was set at 21. With a criminal history category set at level I, sentence was imposed near the top of the advisory range to a term of 42 months incarceration.

With the application of the Safety Valve, Mr. Wimsatt's total offense level would have been set at 19. His range for sentencing would have been 30-37 months incarceration. The Petitioner's sentence under this revised range indicates that his sentence would have been reduced a potential 12 months. Any amount of potential reduction in sentence has Sixth Amendment implications. See, Glover v. United States, 531 U.S. 198 (2001).

At sentencing, both parties argued their position regarding Mr. Wimsatt's criminal history score. The Court resolved the matter in favor of the defense and established the criminal history at level I.

Once this factor was resolved, however, and despite the fact that Mr. Wimsatt met all other criteria for a reduction in his sentence pursuant to the Safety Valve, counsel did not raise the issue before the Court.

Accordingly, Mr. Wimsatt's total offense level was set at 21. With a criminal history category set at level I, sentence was imposed near the top of the advisory range to a term of 42 months incarceration.

With the application of the Safety Valve, Mr. Wimsatt's total offense level would have been set at 19. His range for sentencing would have been 30-37 months incarceration. The Petitioner's sentence under this revised range indicates that his sentence would have been reduced a potential 12 months. Any amount of potential reduction in sentence has Sixth Amendment implications. See, Glover v. United States, 531 U.S. 198 (2001).

V.   CONCLUSION

WHEREFORE, the Petitioner, Gregory Wimsatt, respectfully Moves this Honorable Court to VACATE and CORRECT his sentence to reflect a reduction in his Total Offense Level pursuant to the Safety Valve, U.S.S.G. §§ 2D1.1 and 5C1.2.

Respectfully submitted,

Dated: April 2, 2012

Gregory Wimsatt, pro se
# 52417-037 , FPC Beckley
PO Box 350
Beaver, WV 25813

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that a true and correct copy of the foregoing has been placed in the institutional mailbox, appropriate postage prepaid and addressed to:

Office of the AUSA
U.S. Courthouse
6500 Cherrywood Lane
Greenbelt, MD 20770

on this, the 2ND day of April , 2012.

Gregory Wimsatt, pro se